## HOUSTON FARMS DEVELOPMENT CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 13640.

United States Court of Appeals Fifth Circuit.

Feb. 1, 1952.

Marvin K. Collie, Houston, Tex., for petitioner.

S. Dee Hanson, Ellis N. Slack, Martin K. Rothschild, Sp. Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Charles Oliphant, Chief Counsel, Rollin H. Transue, Sp. Atty., Bureau of Internal Revenue, Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

PER CURIAM.

In his opinion in this case, Judge Leech, for the Tax Court, states: "On the issue of apportionment in a memorandum opinion of this Court we were reversed by the United States Court of Appeals for the Fifth Circuit, Driscoll v. Commissioner, 147 F.2d 493. We think the facts in the instant case are indistinguishable from the controlling facts in the Driscoll case, supra. Nevertheless, with due deference to the opinion of the Circuit Court in that case, we will adhere to our decision in this case."

We agree with the view that the Driscoll case is indistinguishable. We disagree, however, with the view that the Tax Court ought to, or could, in this case disregard that decision, and we reverse the judgment of the Tax Court with directions to disallow the deficiency.

RIVES, Circuit Judge (dissenting).

In this case the original lease covered 1160 acres, consisting of twenty-nine 40-acre tracts checkerboarded throughout a large area. Subsequently, without further consideration from either party, the lessee released and surrendered to the lessor all of her right, title and interest in the original lease, and at the same time three new leases were executed covering the five possibly productive 40-acre tracts, one lease covering 40 acres, and two others covering 80 acres each. Twenty-four of the twenty-nine 40-acre tracts were permanently and unconditionally released and surrendered to the lessor-taxpayer. Those twenty-four 40-acre tracts had previously been condemned for oil and gas production. The taxpayer as lessor could not reasonably have anticipated the production of oil from those tracts at any time in the future and if that is a true basis for the Driscoll decision, then it does not control this case. Driscoll v. Commissioner, 5 Cir., 147 F.2d 493, 495.

The basis for depletion is "27½ per centum of the gross income from the *property* during the taxable year" with certain exclusions. (Emphasis supplied.) 26 U.S.C., 1946 ed., Sec. 114(b)(3). As "the property" is used in that section, "The

taxpayer's interest in each separate mineral property is a separate 'property'". Sec. 29.23(m)1, Treasury Regulations 111, promulgated under the Internal Revenue Code. In Sneed v. Commissioner, 5 Cir., 119 F. 2d 767, 769, this Court, speaking through Judge Sibley, held that "'the property' means generally each separate tract, if operated by the owner, or each separate lease if leases are made". It seems to me that when the twenty-four 40-acre tracts were surrendered to the taxpayer they became a "property" separate from the remaining five possibly productive 40-acre tracts. So considering "the property" surrendered to the taxpayer, in the language of the Supreme Court in Douglas v. Commissioner, 322 U.S. 275, 282, 64 S.Ct. 988, 992, 88 L.Ed. 1271, "no depletion of the ore mass occurred or can occur under the lease which produced the gross income".

The majority opinion in the Driscoll case, supra, spoke of depleting gas and oil on "surrounding" acres and, as I have heretofore said, that case may not control the present decision. However, an examination of the record discloses a separation of the tracts in that case, though perhaps not so pronounced as here. In both cases the rental was on an acreage basis. The only concept under which a depletion deduction was originally allowed in either case was to consider the bonus paid for signing the lease as an advance payment on royalties. Douglas v. Commissioner, supra, 322 U.S. at page 280, 64 S.Ct. 988. As the majority opinion in the Driscoll case indicated, that may not have been what the contracting parties intended. However, we say that it is in order to allow a depletion deduction.

Considering the nature of oil deposits, it may be that the parties could not have reasonably anticipated that oil would be uniformly distributed under each of the 1160 acres included in the original lease; and it may or may not be true that if the lessors had then known the location of the oil, they would have paid the full bonus for a lease of the 200 acres ultimately retained. However, we must deal with the contract as we find it. When entering into the original lease the parties contracted

with reference to their then knowledge and they did not restrict the bonus to any particular part of the leased lands. That being true, and the rental being a uniform amount per acre, it seems reasonable to allocate the bonus on the same basis.

I agree with the views so ably expressed by Judge Holmes in his dissenting opinion in the Driscoll case, and I therefore respectfully dissent.